IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT T. JENKINS, #115 765, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:17-CV-7-MHT |
| | ) [WO] |
| ALABAMA DEPT. OF CORRECTIONS, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Before the court is Plaintiff's request for a preliminary injunction. Doc. 12. He seeks to enjoin Defendants from denying him a minimum custody classification status because he is a non-violent offender. Upon review, the court concludes the motion for preliminary injunction is due to be denied.

### II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary

and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' " *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990).

### III. DISCUSSION

Review of Plaintiff's motion for preliminary injunctive relief reflects he has not made the demanding showing required for this extraordinary form of relief. Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Plaintiff has proven a substantial likelihood of success on the merits. Having thoroughly reviewed the request for a preliminary injunction and in light of applicable federal law, the court concludes Plaintiff fails to carry his burden. Specifically, as an inmate confined in the Alabama prison system, Plaintiff has no constitutionally protected interest in the procedure affecting his classification and security

levels because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because Plaintiff has no constitutionally protected interest in the level of his custody and security classifications, correctional officials may assign him to any classification and/or security level without implicating the protections of due process.

Even if Plaintiff could establish the propriety of his request for preliminary injunctive relief, his request is devoid of any allegation he will suffer specific and irreparable harm if an injunction is not issued. To establish irreparable injury Plaintiff must show he will suffer harm that "cannot be redressed by a legal or an equitable remedy" through the ordinary course of litigation. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"); *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (internal quotation omitted) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm."). The third factor, balancing potential harm to the parties, weighs more heavily in favor of Defendants. Regarding the fourth factor, it is impossible to determine what Plaintiff's requested relief would entail exactly preventing the court from determining what burden an injunction would have on the Alabama Department of Corrections and whether issuing one would harm the public interest. Issuing a preliminary injunction is not warranted.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction (Doc. 12) be DENIED; and
2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that on **or before April 28, 2017**, Plaintiff may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 12th day of April 2017.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITES STATES MAGISTRATE JUDGE